# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTINE A. JENKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0592** (BOR Appeal No. 2048105)
(Claim No. 2012027440)

**SHEETZ, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christine A. Jenkins, by Raymond A. Hinerman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sheetz, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2013, in which the Board affirmed a February 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 26, 2012, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jenkins, an employee of Sheetz, Inc., alleges she injured her lower back on February 19, 2012, while attempting to place a case of soda onto a shelf. According to Ms. Jenkins, while she was in the process of picking up the case of soda and twisting to place it on a shelf, she heard a pop and felt an immediate onset of pain in her lower back. Ms. Jenkins testified that she reported the injury to her supervisor the same day and went to the hospital on the same day. However, she also stated later on in her deposition that she could not remember for certain. The first record of treatment related to a sudden onset of lower back pain is February 24, 2012, when

1

Ms. Jenkins reported to John Cherian, M.D. Dr. Cherian's impression was that Ms. Jenkins had lower back pain. Dr. Cherian prescribed Flexeril and gave Ms. Jenkins a work excuse. Ms. Jenkins reported to Weirton Medical Center on March 5, 2012, with complaints of lower back pain and pain shooting into her legs. Ms. Jenkins then reported back to Dr. Cherian on March 6, 2012, with pain in her lower back radiating into her legs. Ms. Jenkins was prescribed a host of medications and advised to rest. Ms. Jenkins then reported to Weirton Medical Center on March 9, 2012, with similar complaints of lower back pain that radiated into her legs. Ms. Jenkins then reported to Douglas MacPherson, M.D., on March 12, 2012. Dr. MacPherson diagnosed lumbar intervertebral disc disease without myelopathy, a lumbar strain, and thoracic and lumbosacral neuritis. Ms. Jenkins then filled out her report of injury, and it was signed by Dr. MacPherson. The diagnoses were thoracic and lumbrosacral neuritis and a lumbar strain. The claims administrator rejected Ms. Jenkins's claim. Ms. Jenkins protested.

Sheetz, Inc., introduced a record review conducted by Victoria Langa, M.D. Dr. Langa opined that Ms. Jenkins has reported symptoms of chronic lower back pain as far back as 2007. Dr. Langa noted that Ms. Jenkins has suffered at least two traumatic injuries involving her lower back. One lower back injury was suffered on April 29, 2011, and one on September 14, 2011. Dr. Langa also noted that Ms. Jenkins was seen on February 17, 2012, two days before the alleged injury, at Weirton Medical Center with complaints of lower back pain that radiated into her legs. Dr. Langa's report opines that the disc herniation shown on the MRI is not related to Ms. Jenkins's alleged injury but was a continuation of her chronic lower back symptoms, which included narrowing of the spinal canal and bulging at the L3-4 disc. Ms. Jenkins was deposed in this appeal. Ms. Jenkins indicated she did not have problems with her lower back prior to the injury. She also testified that she had never traumatically injured her back prior to her injury. Ms. Jenkins also asserted she never had any pain shooting into her legs prior to the injury.

The Office of Judges determined that Ms. Jenkins did not injure herself in the course of and as a result of her employment with Sheetz, Inc. The Office of Judges examined Ms. Jenkins's testimony about her injury and medical history. Based upon Dr. Langa's record review the Office of Judges was not persuaded by Ms. Jenkins's testimony. The Office of Judges examined to the medical evidence of record. The medical records show Ms. Jenkins complained of the same symptoms before and after the alleged injury. The only difference between Ms. Jenkins's symptoms and anatomy is that after the injury a scan showed a disc herniation at the L3-4 level. Dr. Langa opined that the disc herniation is not related to Ms. Jenkins's alleged injury but was a continuation of her chronic lower back symptoms, which included narrowing of the spinal canal and bulging at the L3-4 disc. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Ms. Jenkins has not shown that she was injured in the course of and as a result of her employment with Sheetz, Inc. The only account of the injury is Ms. Jenkins's own testimony. Given that her testimony can be refuted with objective medical evidence, the Office of Judges and Board of Review were not in error to disregard her rendition of the injury. The medical evidence shows the same symptoms before and after the alleged injury. The scans of her spine performed before and after the alleged injury are almost identical, with the exception of disc

herniation at the L3-4 level. The well-reasoned report of Dr. Langa indicates that the herniation is more consistent with Ms. Jenkins's past symptoms and degenerative changes than with any new injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum